Metropolitan Life Insurance Company of New York v. Jacques

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of September, two thousand ten.

PRESENT: DENNIS JACOBS,
                               <u>Chief Judge</u>,
         REENA RAGGI,
                               <u>Circuit Judge</u>,
         JED S. RAKOFF,
                               <u>District Judge</u>.*

- - - - - - - - - - - - - - - - - - - - - -X
METROPOLITAN LIFE INSURANCE COMPANY,
       <u>Plaintiff</u>,

       -v.-
                                            09-5353-cv
ANNE M. JACQUES,
       <u>Defendant-Appellee</u>,

       -v.-

---

* District Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

**CRAIG JACQUES,**
        **Defendant-Appellant**.

- - - - - - - - - - - - - - - - - - - - -X

**APPEARING FOR APPELLANT:**    George F. Newton, Muehe & Newton, LLP, Canandaigua, NY.

**APPEARING FOR APPELLEE:**    Christopher S. Ciaccio, Law Office of Christopher Ciaccio, Esq., Rochester, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendant-Appellant Craig Jacques appeals the judgment granting life insurance plan proceeds to Defendant-Appellee Anne Jacques. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

[1] Mr. Jacques argues that the district court erred in its application of the burden of proof. In an interpleader action, a claimant must succeed in establishing his right to the property by a preponderance of the evidence. <u>Midland Ins. Co. v. Friedgood</u>, 577 F. Supp. 1407, 1411 (S.D.N.Y. 1984); <u>accord</u> 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice and Procedure</u> § 1714, at 629 & n.21 (3d ed. 2001). The district court found that Ms. Jacques established her claim to the proceeds by a preponderance of the evidence; therefore, it applied the proper standard.

To the extent Mr. Jacques challenges the district court's ultimate findings of fact following a bench trial, we review such findings for clear error. <u>Rose v. AmSouth Bank of Fla.</u>, 391 F.3d 63, 65 (2d Cir. 2004). As the trier of fact, the district court was entitled to draw inferences in favor of either party regardless of who offered each piece of evidence.

Sufficient facts support the district court's decision. The contested change of beneficiary to Ms. Jacques occurred shortly after her marriage to the decedent, which is an occasion that would ordinarily inspire the insured to update a life insurance beneficiary. And even if an unintended change was finalized erroneously by the company, the decedent had nearly ten years prior to his death to discover and remedy the error. Since the district court's account of the evidence is plausible, we may not reverse regardless of whether we would have weighed the evidence the same way. Anderson v. Bessemer City, 470 U.S. 564, 574 (1985).

[2] Mr. Jacques contends that the district court erroneously relied on an evidentiary principle of "common-sense inferences." The district court properly drew common-sense inferences to resolve disputed issues of fact. See, e.g., Woodman v. WWOR-TV, Inc., 411 F.3d 69, 83-84 (2d Cir. 2005) ("[I]n drawing inferences . . . a fact finder is not required to operate in an experiential vacuum. To the contrary, he may draw on the full range of his reason, experience, and common sense."). Further, this challenge duplicates the argument challenging the district court's findings of fact. For the reasons mentioned above, the district court was not clearly erroneous in its findings.

[3] Mr. Jacques argues that the district court erroneously employed the doctrine of res ipsa loquitur. The district court did not rely upon res ipsa for its findings; rather, it was used to "further support[] the Court's inference." Metropolitan Life Ins. Co. v. Jacques, No. 06-CV-444A, 2009 WL 6055839, at *7 (W.D.N.Y. Dec. 11, 2009). Because the district court's fact-finding was not clearly erroneous, we need not consider whether res ipsa loquitur is useful outside the tort context.

For the foregoing reasons, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3